IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

JODY BENDER                                                                    PLAINTIFF

v.                                                              CAUSE NO. 4:15CV146-LG-CMC

LEWIS A. TATUM and
CHARLES D. "BUTCH" ADAMS                                                     DEFENDANTS

### MEMORANDUM OPINION AND ORDER GRANTING
### IN PART AND DENYING IN PART PLAINTIFF'S
### MOTION FOR ATTORNEY'S FEES AND EXPENSES

**BEFORE THE COURT** is the Motion for Attorney's Fees and Expenses [55] filed by the plaintiff Jody Bender pursuant to 42 U.S.C. § 1988. The defendants Lewis A. Tatum and Charles D. "Butch" Adams have filed a response in opposition to the Motion and Bender has filed a reply. The defendants have also filed a sur-reply. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that Bender is entitled to recover attorney's fees and expenses, but the amount of attorney's fees requested should be reduced for the reasons stated below. As a result, the Motion is granted in part and denied in part.

### FACTS

In her Complaint, which was filed on March 3, 2015, Bender alleged that a conversation between Bender and her attorney was recorded without her permission and submitted to the Office of the District Attorney for Hopkins County, Texas. The conversation took place in the midst of an interview conducted in the office of the defendant Tatum, a sheriff's deputy and investigator for the Hopkins County Sheriff's Department. She sued both Tatum and the Hopkins County Sheriff

Charles D. "Butch" Adams. She asserted the following claims against them: a Section 1983 claim for violation of her Fourth and Fourteenth Amendment rights, a claim pursuant to 18 U.S.C. § 2511, and a claim pursuant to Tex. Civ. Prac. Rem. Code 123.002.

On November 20, 2015, Bender accepted the defendants' Second Offer of Judgment [51-1] in the amount of $2,555.00, exclusive of attorney's fees, costs or expenses. The parties filed a Stipulation of Dismissal [52] of Bender's claims against the defendants. They agreed that Bender should submit to the Court the issue of the amount of attorney's fees, costs, and expenses that she is entitled to recover. Bender filed the present Motion pursuant to 42 U.S.C. § 1988, seeking $71,505.00 in attorney's fees and $1,470.83 in expenses.

## DISCUSSION

42 U.S.C. § 1988(b) provides that a court, in its discretion, may award reasonable attorney's fees to the prevailing party in claim filed pursuant to Section 1983. The parties in the present lawsuit do not dispute that Bender is the prevailing party or that attorney's fees are recoverable pursuant to Section 1988 as to Bender's Section 1983 claim.

To determine the appropriate attorney's fee, a court must first calculate the lodestar by multiplying the reasonable number of hours spent working on the case by the reasonable hourly rate for the attorney. *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). The burden of demonstrating the reasonableness of the hours billed and the attorney's hourly rate is placed on the party seeking attorney's

fees. *Id.*; *Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996). "There is a strong presumption of the reasonableness of the lodestar amount." *Black*, 732 F.3d at 502. Nevertheless, a court must also consider the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), to determine whether the lodestar figure should be adjusted upward or downward. *Strong v. Bellsouth Telecomm., Inc.*, 137 F.3d 844, 850 (5th Cir. 1998).

## I. THE LODESTAR

### A. THE REASONABLE HOURLY RATE

"[T]he relevant market for purposes of determining the prevailing rate to be paid in a fee award is the community in which the district court sits." *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). "Generally, the reasonable hourly rate for a particular community is established through affidavits of other attorneys practicing there." *Id.* Counsel for Bender, David D. Davis, requests an hourly rate of $450 per hour. Bender has not submitted any affidavits substantiating her claim that the appropriate hourly rate is $450 per hour. However, she asserts that Davis has been a licensed attorney in the State of Texas since 1994. (Pl.'s Mot., Ex. 1 at 1, ECF No. 55-1). The focus of his practice is civil rights litigation. (*Id.* at 2). He has tried more than ten cases to verdict, and he has settled cases for several hundred thousands of dollars. (*Id.*)

The defendants have produced an expert report signed by Brian Gaddy, who currently practices as an attorney in New Mexico. (Defs.' Resp., Ex. 2 at 2, ECF No. 56-2). Between June 1, 2012, and September 30, 2014, Gaddy was employed as a

-3-

claims attorney for the Texas Association of Counties, "managing litigation brought against Texas counties involving civil rights and employment practices." *Id.* He graduated from law school in 1994, and he is licensed to practice law in Texas and New Mexico. *Id.* In his report, Gaddy opines that an hourly rate of $200 to $250 should be approved in this case, because he believes that the amount of time Davis spent conducting legal research indicates that Davis is not a skilled or efficient attorney. (*Id.* at 4).

Since this Court sits in the Eastern District of Texas, that is the relevant community for determining the appropriate hourly rate. The United States District Court for the Eastern District of Texas has approved an hourly rate of $400 per hour in a complex employment discrimination class action case. *McClain v. Lufkin Indus. Inc.*, No. 9:97CV63, 2010 WL 455351, at *37 (E.D. Tex. Jan. 15, 2010). An hourly rate of $300 per hour for attorneys who had more than thirty years of experience was rejected in a standard Fourth Amendment civil rights case, and an hourly rate of $275 per hour was approved. *Jiminez v. Wood Cty., Tex.*, No. 02:07CV154, 2009 WL 2744611, at *3 (E.D. Tex. Aug. 25, 2009). A rate of $350 per hour was approved in an employment discrimination case for attorneys who had substantial experience in that area of law. *Lewallen v. City of Beaumont*, No. 1:05CV733-TH, 2009 WL 2175637, at *13 (E.D. Tex. July 20, 2009). Following a review of these cases, as well as Gaddy's opinions and Davis' affidavit, the Court finds that an hourly rate of $300 per hour is reasonable, particularly considering the fact that the present case was a

relatively straight-forward[1] civil rights case litigated by an attorney with over twenty years experience.

## B. THE REASONABLE NUMBER OF HOURS

In order to calculate the lodestar, the Court must next calculate the reasonable number of hours spent working on the case. Davis seeks payment for 158.9 hours of work on Bender's case. The defendants argue that this figure should be reduced by two-thirds, because Bender is only entitled to recover attorney's fees for work done on her Fourth Amendment claim, not on her other two claims. The defendants also argue that additional reductions should be made for excessive, duplicative, and/or unnecessary work, as well as work that should be considered overhead. As a result, the defendants argue that the number of hours billed should be reduced to thirty-eight hours.

The Court finds that the following time entries should be reduced by two-thirds to account for time that was inevitably spent conducting research and asserting claims related to Bender's state law and 18 U.S.C. §2511 claims, because attorney's fees are not recoverable for those claims:

- 17.3 hours for "pre-suit research as to possible claims"
- 9.7 hours to "[d]raft/prepare complaint"
- 6.2 hours for research related to defendants' dispositive Motion

---

[1] Based on Davis' time records, only two depositions were taken in the case. The only dispositive motion filed in the case was an eight-page Motion to Dismiss, or in the alternative, Motion for More Definite Statement [8]. Bender accepted the Second Offer of Judgment in this case less than nine months after the Complaint was filed.

This results in a deduction of 22.1 hours. A two-thirds reduction is unwarranted as to the remaining entries, because there is no indication that the other billing entries pertained solely to Bender's state law and 18 U.S.C. §2511 claims, nor is there any indication that the billing entries would have been unnecessary if Bender had solely pursued a Fourth Amendment claim. Thus, after the two-thirds deduction, the hours billed by Davis equal 136.8.

The party seeking an award of fees must demonstrate that the attorney exercised billing judgment. *Black*, 732 F.3d at 502. "Billing judgment is usually shown by the attorney writing off unproductive, excessive, or redundant hours." *Green v. Adm'rs of Tulane Educ. Fund*, 284 F.3d 642, 662 (5th Cir. 2002). Bender has not provided any evidence that Davis wrote off any of his time as excessive or otherwise unreasonable.[2] "The proper remedy when there is no evidence of billing judgment is to reduce the hours awarded by a percentage intended to substitute for the exercise of billing judgment." *Walker*, 99 F.3d at 770. As a result, the hours billed by Davis, after the two-thirds deduction discussed above, are reduced by fifteen percent. *See id.* Fifteen percent of 136.8 hours is 20.5 hours. Therefore, the reasonable number of hours that can be billed on the present case is 116.3 hours. At $300 per hour, this results in a lodestar of $34,890.00.

The Court finds that the fifteen percent deduction for lack of evidence of the

---

[2] Some clerical work performed by an assistant was excluded as an overhead expense, but there is no indication that Davis' time records were reviewed or reduced to exclude excessive, duplicative, or unnecessary billing entries.

exercise of billing judgment adequately accounts for any potential excessive, duplicative, or otherwise unreasonable billing, and thus, it is not necessary to make the additional deductions that are requested by the defendants in Exhibit 1 to their Response.

## II. JOHNSON FACTORS

The *Johnson* factors are:

(1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and the length of the professional relationship with the client; and (12) awards in similar cases.

*Johnson*, 488 F.2d at 717-19. The Fifth Circuit has explained that "[m]any of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate and should not be double-counted." *Jason D.W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998). Furthermore, "There is a strong presumption of the reasonableness of the lodestar amount." *Black*, 732 F.3d at 502.

The defendants argue that the lodestar should be reduced, because the judgment accepted was only $2,555.00, while Bender's initial settlement offer was much higher. The United States Supreme Court has held that the degree of success obtained in the case is the most important *Johnson* factor. *Farrar v. Hobby*, 506

U.S. 103, 114 (1992).  However, it is not necessary for a fee award to be directly proportionate to the amount of damages recovered.  *Norsworthy v. Nguyen Consulting & Servs., Inc.*, 575 F. App'x 247, 249 (5th Cir. 2014) (citing *City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986)).  Furthermore, the Fifth Circuit has recognized that "[s]uccess is not measured merely based on the recovery of monetary damages, as 'a civil rights plaintiff often secures important benefits that are not reflected in nominal or relatively small damages awards.'"  *Id.* (quoting *Rivera*, 477 U.S. at 574).

While the Court notes the disparity between the lodestar ($34,890.00) and the amount recovered by Bender ($2,555.00), this lawsuit concerned the alleged surreptitious recording of privileged attorney-client communication by law enforcement officers.  Furthermore, the defendants allegedly provided the recording to the office of the district attorney.  Therefore, the lawsuit was filed to protect important rights that impact Bender as well as other members of the public.  As a result, the Court will not reduce the lodestar on the basis of the amount of success obtained.

In addition, the Court finds that none of the other factors warrant a reduction.  The lodestar calculation has adequately accounted for the time and labor required, the difficulty and novelty of the case, the customary fee, and Davis' experience and ability.  There is no indication of any time limitations for resolving the case, and Davis' motions for extensions of time indicate that he was not prevented from handling other cases.  No evidence concerning awards in similar

cases or the nature and length of the relationship between Bender and Davis has been produced, aside from the assertion that Bender and Davis have a "hybrid fee/contingency agreement, whereby the attorney is paid a portion of the fees incurred on an hourly basis and recovers the balance of the attorney fees dependent on the greater of the recovery of attorney fees and/or the recovery." (Pl.'s Mot., Ex. 1 at 2, ECF No. 55-1). As a result, the Court further finds that an enhancement of the lodestar is unwarranted. Bender's Motion for Attorney's Fees and Expenses is granted to the extent that she is awarded $34,890.00 in attorney's fees.

## III. EXPENSES

Bender also seeks $1,470.83 in expenses. The defendants have not contested this amount, and the Court has reviewed the expenses claimed and finds them to be reasonable. Thus, Bender's Motion for Attorney's Fees and Expenses is granted to the extent that she is awarded $1,470.83 in expenses.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion for Attorney's Fees and Expenses [55] filed by the plaintiff Jody Bender is **GRANTED** to the extent that Bender is awarded $34,890.00 in attorney's fees and $1,470.83 in expenses, and **DENIED** in all other respects.

**SO ORDERED AND ADJUDGED** this the 15th day of April, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE